FILED
United States Court of Appeals
Tenth Circuit

April 6, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE RUBEN CASTILLO,

      Defendant-Appellant.

No. 10-6235
(D.C. No. 5:09-CR-00374-D-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

---

This matter comes before the court on the government's motion to enforce

the appeal waiver contained in the written plea agreement between Jose Ruben

Castillo and the United States. Mr. Castillo was charged with being a felon in

possession of a semi-automatic pistol, possessing with intent to distribute 10.8

grams of methamphetamine, and using a semi-automatic pistol in furtherance of a

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

drug-trafficking crime.  Pursuant to the plea agreement, he pleaded guilty to the second and third counts.  The district court sentenced him to consecutive terms of eighteen months on count two and sixty months (the statutory mandatory minimum) on count three.  Despite the appeal waiver, Mr. Castillo has filed a notice of appeal and seeks to challenge his sentence.

Mr. Castillo broadly waived his right to appeal his guilty plea, his sentence, his restitution, or any other aspect of his conviction in the plea agreement.  He specifically waived the right to appeal the manner in which his sentence was determined, provided it was either within or below the advisory guideline range determined by the district court.  *See* Mot. to Enforce, Attach. 1, at 7.  The government seeks to enforce Mr. Castillo's appeal waiver in accordance with our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  That decision requires us to consider whether the appeal falls within the scope of the waiver, whether Mr. Castillo knowingly and voluntarily waived his right to appeal, and whether enforcing the waiver would result in a miscarriage of justice.  *Id.* at 1325.

In his response to the government's motion, Mr. Castillo does not dispute that his appeal falls within the scope of the waiver.  He argues, however, that he did not knowingly and voluntarily wave his appellate rights because his former attorney pressured him to sign the plea agreement.  He makes other allegations against his former attorney as well, namely that the attorney failed to protest the

government's erroneous characterization of him as a gang member and that the attorney failed to ensure the government returned seized currency to Mr. Castillo and may even have kept it for himself.

In determining whether a defendant's waiver of appellate rights was knowing and voluntary, we look at two things in particular: whether the plea agreement itself states that the defendant is entering the agreement knowingly and voluntarily and whether the record demonstrates the district court conducted an adequate plea colloquy under Federal Rule of Criminal Procedure 11. *Hahn*, 359 at 1325. Mr. Castillo bears the burden of showing that his waiver was not knowing and voluntary. *Id.* at 1329. Paragraph 8 of the plea agreement states that Mr. Castillo "knowingly and voluntarily waives his right" to "[a]ppeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction" and to "[a]ppeal . . . his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case," among other things. Mot. to Enforce, Attach. 1, at 7. And the transcript of the change of plea hearing demonstrates that the district court conducted an adequate Rule 11 colloquy.

Among other things, the court advised Mr. Castillo that "as a result of the plea agreement in this case . . . you are waiving the right to appeal or collaterally challenge the sentence ultimately imposed by the Court except under limited

-3-

circumstances." Mot. to Enforce, Attach. 2 at 6. The court also advised him that "if the Court accepts your plea of guilty, the Court may impose the same punishment as if you had pleaded not guilty and been convicted by a jury." *Id.* at 8.

The court also questioned Mr. Castillo about the voluntariness of his plea and about the adequacy of his counsel's representation:

> THE COURT: Sir, are your plea of guilty and the waivers of your rights made voluntarily and completely of your own free choice?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are they also made free of any force or threats or pressures from anyone?
>
> THE DEFENDANT: Yes, sir.
>
> . . . .
>
> THE COURT: . . . Sir, are you pleading guilty of your own free will because you are, in fact, guilty?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you satisfied with the services of your attorney?
>
> THE DEFENDANT: Yes, I am.
>
> THE COURT: Do you believe your attorney has properly counseled and assisted you regarding these charges?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you understood all of my questions and the questions of counsel?

THE DEFENDANT: Yes, sir.

THE COURT: Is there anything you have not understood or do not understand about these proceedings today?

THE DEFENDANT: I've understood everything, sir.

*Id.* at 9, 13-14. The district court concluded that Mr. Castillo was competent to enter the plea, that he did so knowingly and voluntarily, and that there was a factual basis for his guilty plea. *Id.* at 14.

In light of the language of the plea agreement he signed and of his answers during the Rule 11 colloquy, Mr. Castillo has not met his burden to establish his appeal waiver was not knowing and voluntary. Mr. Castillo's other allegations against his former attorney do not affect the enforceability of his appeal waiver. Ineffectiveness of counsel in negotiating an appeal waiver can make an appeal waiver invalid. *Hahn*, 359 F.3d at 1327. But Mr. Castillo has not alleged that his counsel was ineffective in connection with the appeal waiver itself. And in any event, he would have to wait to raise such a claim in a motion under 28 U.S.C. § 2255. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

Accordingly, the government's Motion to Enforce Appeal Waiver is granted and the appeal is dismissed.

ENTERED FOR THE COURT
PER CURIAM